PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**
May 02, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHENG YEN, <br><br> Defendant. | CASE NO. 2:23-cr-0118 JAM <br><br> INFORMATION <br><br> 18 U.S.C. § 1956(h) – Money Laundering Conspiracy; 18 U.S.C. § 982(a)(1) – Criminal Forfeiture |

I N F O R M A T I O N

COUNT ONE: [18 U.S.C. § 1956(h) – Conspiracy to Launder Money

The United States Attorney charges: T H A T

SHENG YEN,

defendant herein, between on or about November 2, 2017, and continuing through on or about December 30, 2017, in the County of Butte, State and Eastern District of California, and elsewhere, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit:

a) to transport, transmit and transfer and attempt to transport, transmit and transfer a

monetary instrument and funds to the United States from and through a place

INFORMATION                                    1

outside the United States with the intent to promote the carrying on of specified unlawful activity that is, violations of Title 21, United States Code, Sections 841 and 846, Conspiracy to Manufacture Marijuana and Manufacture of Marijuana; in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, that is, violations of Title 21, United States Code, Sections 841 and 846, Conspiracy to Manufacture Marijuana and Manufacture of Marijuana, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c) to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is violations of Title 21, United States Code, Sections 841 and 846, Conspiracy to Manufacture Marijuana and Manufacture of Marijuana, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

d) to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, violations of Title 21, United States Code, Sections 841 and 846, Conspiracy to Manufacture Marijuana and Manufacture of Marijuana;

All in violation of Title 18, United States Code Sections 1956(h) and 2.

**MANNER AND MEANS:**

1. On or about October 27, 2017, PERSON 1, using PERSON 2 as a straw buyer, and represented by defendant SHENG YEN, a licensed realtor, made an offer to purchase real property located at 2800 Cherokee Road, Oroville, California for $585,000.  The sellers accepted the offer on or about October 30, 2017 and escrow number 0403-5578378 was opened at Mid Valley Title and Escrow Company in Oroville, California.

2. On or about November 21, 2017, the defendant received $40,000.00 in United States currency from PERSON 1, and deposited it into Bank of America account number XXXX3280 in the name of SHENG REALTY INC.  SHENG YEN failed to file a Form 8300 with the Internal Revenue Service regarding the receipt of these funds from PERSON 1, and caused Bank of America to file a Form 4789, Currency Transaction Report, that contained a material misstatement as to whom the funds belonged. Also on or about November 21, 2017, SHENG YEN purchased Bank of America cashier's check number 0815007546 for $40,000.00, drawn on Bank of America account number XXXX3280 in the name of SHENG REALTY INC. payable to Mid Valley Title Company, and deposited it into escrow for the purchase of 2800 Cherokee Road, Oroville, California.

3. On or about November 29, 2017, realtor SHENG YEN received $60,600.00 in United States currency from PERSON 1 and deposited it into Bank of America account number XXXX3280 in the name of SHENG REALTY INC.  SHENG YEN failed to file a Form 8300 with the Internal Revenue Service pertaining to the receipt of these funds from PERSON 1, and caused Bank of America to file a Form 4789, Currency Transaction Report, that contained a material misstatement as to whom the funds belonged. On or about that same date, SHENG YEN wired $63,536.00 from Bank of America account number XXXX3280 in the name of SHENG REALTY INC. to Mid Valley Title Company for the purchase of 2800 Cherokee Road, Oroville, California.

4. On or about November 30, 2017, PERSON 2 signed and submitted a false loan application to a lender indicating that he worked for Wu Construction located at 4237 Thalia Way, Rancho Cordova, California and earned $15,000 per month. SHENG YEN owns 4237 Thalia Way, Rancho Cordova, California.

5. SHENG YEN was the realtor who represented PERSON 3 in the purchase of real property located at 9185 Grant Line Road, Elk Grove, CA. PERSON 3 bought the property on or about September 21, 2017 for $630,000, with approximately $220,000 down and a hard money loan for $410,197. On July 31, 2017, SHENG YEN wired $7,000.00 into escrow for the EMD funded by a $7,000.00 cash deposit two days earlier into his Golden One Credit Union account #XX3819.

6. During an earlier Elk Grove PD investigation, officers observed PERSON 1 traveling to 9185 Grant Line Road, and EGPD searched the property on February 21, 2018 pursuant to a state search warrant. At the property, officers seized 1,784 marijuana plants and also documented the use of a large diesel generator that was powering a portion of the marijuana grow.

7. During the search warrant executed at SHENG YEN's house on October 15, 2020, agents found documents pertaining to a SMUD "power extension" project at 9185 Grant Line Road requested by PERSON 3. The documents included drawings of the proposed project, a SMUD website printout and a "Project Application Information" sheet. The project sought to replace or augment the existing 200-amp service with an additional or new 400-amp extension. PERSON 3 provided his email address, as well as a telephone number that was SHENG YEN's phone number.

The Purchase of 8509 Hawley Way, Elk Grove, CA.

8. PERSON 4 (using PERSON 1's mailing address of 9268 Trout Way, Elk Grove, CA) purchased 8509 Hawley Way in December 2015 for $340,000, and then sold it to PERSON 5 about three months later in March 2016 for $244,000. PERSON 5 then sold the property to PERSON 6 (a relative of PERSON 1) for $250,000 on July 5, 2017. Based on the sales amounts and the SMUD records

INFORMATION 4

discussed below, it appears the "sales" from PERSON 4 forward were bogus, and were merely changes in title to the property.

8509 Hawley Way SMUD Records.

9. SMUD provided records for 8509 Hawley Way and they show that this residence was a marijuana grow site soon after PERSON 4 purchased it. Even though title to the property changed multiple times, it continued to be a marijuana grow house according to analysis of the SMUD records. From 3/25/2016 through 2/24/2017, PERSON 1 was the subscriber for power at 8509 Hawley Way. The average monthly electricity usage during this time was 12,080 kWh and the monthly bill averaged $1,798.47, clearly indicating marijuana cultivation was occurring at the house.

Monitored Jail Conversation Between PERSON 1 and SHENG YEN.

10. During the EGPD investigation of PERSON 1 in 2018, officers arrested PERSON 1 and transported him to the Sacramento County Jail, where he was held until he could post bail. During his incarceration, on at least two occasions, PERSON 1 spoke with one of his brothers (M2) who was with SHENG YEN (M3). The recorded conversations were in Mandarin on jailhouse phones.

11. During the first conversation that occurred on February 24, 2018, PERSON 1 and SHENG YEN discussed the sale of 8509 Hawley Way. PERSON 1 asked SHENG YEN what the current offer was from the buyer, to which SHENG YEN replied $390,000. PERSON 1 then asked SHENG YEN if they could make a deal by adding $5,000 to counter the offer, and YEN stated he will try to close it within 30 days. PERSON 1 further told SHENG YEN that his brother [believed to be PERSON 6 because he was on title] could sign all the paperwork for PERSON 1.

The Sale of 8509 Hawley Way, Elk Grove, CA.

12. Escrow records show that on or about February 28, 2018, a couple made an offer to purchase 8509 Hawley for $390,000. On March 2, 2018, DE MING ZHENG made a counter offer that kept the

sales price at $390,000, but added an "as-is" sales condition[1].  This sale was eventually canceled and the property was relisted by SHENG YEN.

13. PERSON 6 sold 8509 Hawley Way to another third party on or about May 15, 2018 for $395,000, which is the amount PERSON 1 was seeking per the intercepted jail call with SHENG YEN.

9185 Grant Line Road SMUD Records.

14. SMUD provided documents pertaining to the power extension project.  The documents show that PERSON 3 originally applied for the project on or about July 31, 2017, and provided SHENG YEN's telephone number of (916) 337-9966 (REWIRE SN 31664540).  According to the documents, SHENG YEN was the "project coordinator".  SHENG YEN's email address is also listed in the documents.  The documents further reflect the project was canceled on or about October 24, 2017.

15. SMUD also provided billing records for 9185 Grant Line Road. The records show that PERSON 3 was the power subscriber for five billing cycles from 9/25/2017 through 1/24/2018.  Under PERSON 3, as is typical with indoor marijuana grows, the power use was low for the first two billing cycles (20 kWh and 148 kWh, respectively) and then began to increase with the third billing cycle (567 kWh) and fourth billing cycle (2,328 kWh).  The fifth billing cycle was for 13 days ending on 1/24/2018, and 3,897 kWh of electricity were consumed, which is indicative of marijuana cultivation.

16. On 1/25/2018, the subscriber switched (without a break in service) to another person who was on the account for three billing cycles.  The first billing cycle was for 19 days and 6,969 kWh of electricity were consumed.  The second billing cycle reflected the consumption of 1,841 kwh and covered the period when the EGPD search warrant was served.  The third billing cycle was for six days and reflected two kWh consumed.  The subscriber was then switched back to PERSON 3 on 3/21/2018 (after the search).

---

[1] It is probable that because 8509 Hawley Way was a prior marijuana grow site, it required repair work.

COUNT TWO: [18 U.S.C. §§ 1956(h) – Conspiracy to Money Launder]

The Grand Jury charges: T H A T

SHENG YEN,

defendant herein, between on or about December 7, 2016 and continuing through on or about April 2, 2021, in the County of Sacramento, State and Eastern District of California, and elsewhere, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit:

a) to knowingly and intentionally transport, transmit, and transfer funds and aid and abet others to transport, transmit, and transfer funds to the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit, violations of Title 21, United States Code, Sections 841(a)(1) and 846, Manufacture of Marijuana and Conspiracy to Manufacture Marijuana, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

b) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, that is, violations of Title 21, United States Code, Sections 841(a)(1) and 846, Manufacture of Marijuana and Conspiracy to Manufacture Marijuana, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

c) to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, violations of Title 21, United States Code, Sections 841

and 846, Manufacture of Marijuana and Conspiracy to Manufacture Marijuana, in

violation of Title 18, United States Code, Section 1957(a);

all in violation of Title 18, United States Code, Section 1956(h).

MANNER AND MEANS:

The Purchase of 12661 Krosens Road, Marysville, California.

17. On or about December 7, 2016, separately charged co-conspirator YAN CHEN received a wire transfer from Hong Kong, China for $79,975.00 into Cathay Bank account XX6132 in the name of YAN CHEN and her mother (PERSON 7).

18. On or about December 23, 2016, YAN CHEN, using PERSON 7 as a straw buyer, represented by licensed realtor SHENG YEN, made an offer to purchase real property located at 12661 Krosens Road, Marysville, California for $400,000. The purpose of purchasing this residence was to convert it to an indoor marijuana cultivation site. After several counter offers, the agreed purchase price came to $404,000. YAN CHEN paid a total of $114,060.15 down and obtained hard-money financing from Iron Oak Home Loans for the balance of the purchase price.

19. On or about December 30, 2016, from her Cathay Bank account XX6132, YAN CHEN wired $4,100.00 to First American Title as the earnest money deposit on the purchase of 12661 Krosens Road, Marysville, California.

20. On or about January 5, 2017, from her Cathay Bank account XX6132, YAN CHEN wired $80,000.00 to First American Title as an additional deposit on the purchase of 12661 Krosens Road, Marysville, California.

21. On or about January 23, 2017, YAN CHEN caused a wire transfer to be sent for $29,960.15 from Hong Kong FJD International, located in Hong Kong, China, to First American Title as

an additional deposit on the purchase of 12661 Krosens Road, Marysville, California. On or about February 16, 2017, escrow closed and title passed to PERSON 7.

22. On or about April 24, 2017, SHENG YEN wrote a $2,466.67 check drawn on his Bank of America account #XX5402 in the name of SHENG YEN, DBA YEN RENTALS, payable to Iron Oak Home Loans, for the mortgage on 12661 Krosens Road, Marysville, California. YAN CHEN later repaid SHENG YEN for this check in currency.

23. On or about May 18, 2017, on behalf of YAN CHEN, SHENG YEN made a payment to Pacific Gas and Electric Company for $2,665.19 from his Bank of America credit card account number XX5848 for electricity usage at 12661 Krosens Road. YAN CHEN later repaid SHENG YEN for this payment in currency.

24. On or about August 4, 2017, SHENG YEN received a wire transfer for $79,975.00 from Hong Kong FJD International, located in Hong Kong, China, into his Bank of America account #XX5402 in the name of SHENG YEN, DBA YEN RENTALS. On or about the same date, SHENG YEN wrote check number 1104 for $80,000.00 from account #XX5402 payable to YAN CHEN's father. In doing so, SHENG YEN falsely labeled the check as being for "CH House purchase". Check 1104 was deposited into PERSON 9's Cathay Bank account #XX9484 on or about August 7, 2017.

25. On or about August 7, 2017, YAN CHEN wrote a check from her Cathay Bank account #XX6132 for $20,000.00 payable to PERSON 9, which was deposited into his Cathay Bank account XX9484 on or about that same date.

26. On or about August 25, 2017, YAN CHEN caused a wire transfer for $108,794.77 from PERSON 9's Cathay Bank account XX9484 to Iron Oak Home Loans, as a partial pay down on the mortgage for 12661 Krosens Road, Marysville, California.

///

The Exchange of Drug Proceeds for Personal and Business Checks

27. On or about July 16, 2017, YAN CHEN provided $7,000.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 1097, drawn on Bank of America account number XX5402 in the name of SHENG YEN, DBA YEN RENTALS, payable to PERSON 7.  In doing so, SHENG YEN falsely labeled this check as being for "referral commissions".  YAN CHEN deposited this check into Cathay Bank account #XX6132 on or about August 21, 2017.

28. On or about July 18, 2017, YAN CHEN provided $6,000.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 1098, drawn on Bank of America account number XX5402 in the name of SHENG YEN, DBA YEN RENTALS, payable to PERSON 7.  In doing so, SHENG YEN falsely labeled this check as being for "referral commissions".  YAN CHEN deposited this check into Cathay Bank account #XX6132 on or about August 21, 2017.

29. On or about August 28, 2017, YAN CHEN provided $6,000.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 1101, drawn on Bank of America account number XX5402 in the name of SHENG YEN, DBA YEN RENTALS, payable to PERSON 7.  YAN CHEN deposited this check into Cathay Bank account #XX6132 on or about August 28, 2017.

30. On or about September 14, 2017, YAN CHEN provided $4,000.00 in U.S. currency, derived from the sale of marijuana.  In exchange, SHENG YEN provided check number 297, drawn on TD Ameritrade account number XX0391 in the name of SHENG YEN, payable to PERSON 7, for $1,000.00 and check number 1109, drawn on Bank of America account number XX5402 in the name of SHENG YEN, DBA YEN RENTALS, payable to PERSON 7, for $3,000.00 to YAN CHEN.  In doing so, SHENG YEN falsely labeled each check as "1099".  YAN CHEN deposited these checks into Cathay Bank account #XX6132 on or about September 15, 2017.

31. On or about October 4, 2017, YAN CHEN provided $5,000.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 1110, drawn on Bank of America account number XX5402 in the name of SHENG YEN, DBA YEN RENTALS, payable to another relative. In doing so, SHENG YEN falsely labeled this check as "1099". This check was deposited into Cathay Bank account #XX9484 in the name of the other relative on or about October 4, 2017.

32. On or about November 8, 2017, YAN CHEN provided $3,300.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 0992, drawn on Bank of America account number XX3280 in the name of SHENG REALTY INC, payable to a relative. In doing so, SHENG YEN falsely labeled this check as "1099". This check was deposited into Cathay Bank account #XX9484 in the name of a relative on or about November 14, 2017.

33. On or about September 19, 2019, YAN CHEN provided $1,500.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 1155, drawn on Bank of America account number XX3280 in the name of SHENG REALTY INC, payable to YAN CHEN's daughter (PERSON 8). YAN CHEN deposited this check into PERSON 8's Bank of America account #XX4985 on or about September 23, 2019.

34. On or about December 28, 2020, YAN CHEN provided $2,000.00 in U.S. currency, derived from the sale of marijuana, to SHENG YEN in exchange for check number 1308, drawn on Bank of America account number XX3280 in the name of SHENG REALTY INC, payable to YAN CHEN. YAN CHEN deposited this check into Cathay Bank account #XX6132 on or about December 30, 2020.

/ / /

/ / /

The Purchase of 3273 and 3275 Lee Street, Nice, California.

35. On or about August 12, 2020, YAN CHEN, using PERSON 7 as a straw buyer, and another individual, both represented by realtor SHENG YEN, made an offer to purchase two separate but adjacent parcels of real property located at 3273 and 3275 Lee Street, Nice, California for $240,000.00. The sellers countered the offer price to $245,000.00, which was agreed to, and escrow number 1701-6343780 was opened at First American Title Company in Lakeport, California. The purpose of purchasing these residences was to convert them into indoor marijuana cultivation sites.

36. On or about August 20, 2020, YAN CHEN deposited a check for $2,500.00 into escrow that was drawn on YAN CHEN's Cathay Bank account #XX6132.

37. On or about September 1, 2020, the buyers were switched from PERSON 7 and the other buyer to YAN CHEN's relative (PERSON 8).

38. On or about September 8, 2020, YAN CHEN purchased cashier's check #2022001958 for $217,919.04, drawn on Cathay Bank account #XXXX6132, payable to First American Title Company. This cashier's check was almost entirely funded by the deposit of money orders earned by YAN CHEN from the sale of marijuana.

39. On or about September 9, 2020, SHENG YEN deposited Bank of America cashier's check number 1564721111 for $6,000.00, drawn on Bank of America account #XX4402 in the name of SHENG YEN into escrow number 1701-6343780. YAN CHEN later repaid SHENG YEN $6,000.00 in U.S. currency.

40. On or about September 9, 2020, YAN CHEN deposited cashier's check #0790238862 for $20,000.00, drawn on PERSON 8's Bank of America account #XX4985, into escrow number 1701-6343780. This cashier's check was funded by the deposit of money orders earned by YAN CHEN from the sale of marijuana.

41.     On or about September 9, 2020, YAN CHEN deposited cashier's check #2022001958 for $217,919.04, drawn on Cathay Bank account #XXXX6132, into escrow number 1701-6343780.  This cashier's check was almost entirely funded by the deposit of money orders earned by YAN CHEN from the sale of marijuana.

42.     On or about September 9, 2020, escrow closed and title to 3273 and 3275 Lee Street, Nice, California, passed to PERSON 8.

The Purchase of 1731 Petit Peak Court, Antioch, California.

43.     On or about February 16, 2021, YAN CHEN, using her daughter PERSON 8, as a straw buyer, represented by realtor SHENG YEN, made an offer to purchase real property located at 1731 Petit Peak Court, Antioch, California for $580,000.00.  The purpose of purchasing this residence was to convert it to an indoor marijuana cultivation site.  The sellers agreed to the price and escrow number FCLA-3902100282 was opened at Chicago Title Company, located in Brentwood, California.  The total cost, including closing fees, was $598,820.02.  PERSON 8 made a down payment of $353,953.56 and obtained financing from a hard-money lender for $245,000.00.

44.     On or about February 23, 2021, YAN CHEN purchased cashier's check #2022002048 drawn on Cathay Bank account number XX6132 payable to Chicago Title Company.  This check was deposited into escrow number FCLA-3902100282 on or about February 25, 2021.

45.     On or about March 26, 2021, YAN CHEN purchased cashier's check #2022002066 drawn on Cathay Bank account number XX6132 payable to Chicago Title Company, for $27,956.56. This check was deposited into escrow number FCLA-3902100282 on or about April 1, 2021.

46.     On or about March 26, 2021, YAN CHEN directed PERSON 8 to purchase Bank of America cashier's check #0790240118, payable to Chicago Title Company for $140,000.00, from PERSON 8's Bank of America account #XX4985.  Drug proceeds earned by YAN CHEN and deposited into account #XX4985 funded this check.

47. On or about March 26, 2021, YAN CHEN directed PERSON 8 to purchase JP Morgan Chase Bank cashier's check #1150430577, payable to Chicago Title Company for $180,000.00. This check, funded entirely by the deposit of drug proceeds, was drawn on PERSON 8's JP Morgan Chase Bank savings account #XX8111 ($160,000.00) and PERSON 8's JP Morgan Chase Bank checking account #XX0728 ($20,000.00).

48. On or about March 29, 2021, YAN CHEN caused the deposit of Bank of America cashier's check #0790240118 for $140,000.00 and JP Morgan Chase Bank cashier's check #1150430577 for $180,000.00 into Chicago Title Company escrow number FCLA-3902100282.

49. On or about April 2, 2021, escrow closed and title to 1731 Petit Peak Court, Antioch, California passed to PERSON 8.

All in violation of Title 18, United States Code, Section 1956(h) and 2.

FORFEITURE ALLEGATION: [18 U.S.C. § 982(a)(1) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One and Two of this Information, defendant SHENG YEN shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real or personal, involved in such violations, and any property traceable to such property, including but not limited to the following:

   a. A sum of money equal to the amount of money involved in the offenses, for which defendant is convicted.

2. If any property subject to forfeiture as a result of the offenses alleged in Counts One and Two of this Information, for which defendant is convicted:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;

INFORMATION                          14

       d.      has been substantially diminished in value; or

       e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

Dated:  May 1, 2023
                                                          PHILLIP A. TALBERT
                                                          United States Attorney

                                          By:  /s/ ROGEER YANG
                                                          ROGER YANG
                                                          Assistant United States Attorney

**United States v. Sheng Yen**
**Penalties for Information**

### COUNTS 1 & 2:

VIOLATION:	18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

PENALTIES:	Up to 20 years in prison; or Fine of up to $500,000 or twice the value of the monetary instrument or funds involved, whichever is greater; or both fine and imprisonment. Supervised release of 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION:	18 U.S.C. § 982(a)(1) – Criminal Forfeiture

PENALTIES:	As stated in the charging document